IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Total Quality Logistics, LLC, | : | |
| | : | Case No. 1:22-cv-304 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | **Order Granting Plaintiff's Motion to** |
| Traffic Tech., Inc., *et al.*, | : | **Remand and Denying Defendants'** |
| | : | **Motion to Transfer Venue** |
| Defendants. | : | |
| | : | |
| | : | |

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 6) and

Defendants' Motion to Transfer Venue (Doc. 8).  Plaintiff argues that the Court lacks subject

matter jurisdiction and the matter must therefore be remanded to state court.  Defendants contend

this matter should be transferred to the United States District Court for the Middle District of

Florida, or, alternatively, this action be stayed.  For the reasons that follow, Plaintiff's Motion

will be **GRANTED**, Defendants' Motion will be **DENIED AS MOOT**, and this action will be

**REMANDED** to state court.

## I.      BACKGROUND

Yet again, the Court is confronted with a familiar situation: whether a suit filed by Total

Quality Logistics, LLC ("TQL") filed in Ohio state court and removed to this District should be

remanded.[1]  There is, however, one deviation from the motions practice typical in these

situations, as Defendants have also filed a Motion to Transfer.  Defendant Jeffrey Burdick is a

former employee of Plaintiff TQL.  (Doc. 1-1 at PageID 17.)  In connection with his employment

---

[1] On several occasions in the recent past, the Court has been called upon to determine this very issue.  *See, e.g.,
Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, No. 1:21-cv-695, 2022 WL 2062694 (S.D. Ohio June
7, 2022); *Total Quality Logistics, LLC v. Johnson*, No. 1:21-cv-386, 2021 WL 2819840 (S.D. Ohio July 7, 2021);
*Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-cv-182, 2019 WL 6723837 (S.D. Ohio Dec. 11,
2019); *Total Quality Logistics, LLC v. Johnson*, No. 1:19-cv-850, 2019 WL 5540682 (S.D. Ohio Oct. 28, 2019).

at TQL, Burdick signed a Confidentiality Agreement and Restrictive Covenant (the "Agreement"). (*Id.*) The Agreement prohibits Burdick from, inter alia, working for or associating with any TQL competitor for a period of one year after his employment with TQL ended, or disclosing or using any confidential, trade secret, or proprietary information to which he was exposed while working for TQL. (*Id.*)

In March of 2022, Burdick resigned from TQL and accepted employment with Defendant Traffic Tech, Inc. ("Traffic Tech"), an alleged competitor of TQL. (*Id.* at PageID 17–18.) On May 16, 2022, Burdick filed a Complaint for Declaratory Judgment against TQL in the United States District Court for the Middle District of Florida in a case captioned *Burdick v. Total Quality Logistics, LLC*, Case No. 8:22-cv-01139-SDM-JSS (the "Florida Action"). In the Florida Action, Burdick seeks a declaration that the restrictive covenants in the Agreement are overbroad, unenforceable, and illegal. (Doc. 8 at PageID 147–48.) Burdick also seeks a declaration that TQL is precluded from enforcing the restrictive covenants against him because of TQL's misclassification and unlawful withholding of overtimes wages under the Fair Labor Standards Act. (*Id.* at 136)

On May 26, 2022, after Burdick initiated the Florida Action, TQL filed a Verified Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and Other Relief against Defendants in the Court of Common Pleas for Clermont County, Ohio.[2] (Doc. 1.) On May 31, 2022 Defendants removed this action from state court, contending in their Notice of Removal that removal is proper under 28 U.S.C. § 1441 and 1446, and the Court has subject matter jurisdiction over this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331.

---

[2] Defendants also filed a Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 1-1 at PageID 31–50.)

In Count I of the Complaint, TQL alleges Burdick violated the Agreement when he resigned from TQL and accepted employment with Traffic Tech. Count II asserts a claim of misappropriation of trade secrets against both Burdick and Traffic Tech. Count III asserts Traffic Tech violated a 2016 Settlement Agreement between Traffic Tech and TQL by hiring Burdick. Finally, Count IV asserts a claim of tortious interference with contract against Traffic Tech. The Complaint states generally that TQL requests: compensatory damages in excess of $25,000; punitive damages; attorneys' fees; and immediate, preliminary, and permanent injunctive relief. In light of the equitable relief TQL seeks, the Court held a status conference on June 1, 2022. Thereafter, TQL filed a Motion to Remand, and Defendants filed a Motion to Transfer Venue to the Middle District of Florida. (Docs. 6, 8.) In connection with the Motion to Remand, TQL also filed a Stipulation indicating the amount in controversy in this matter is less than $75,000, and that TQL will neither seek nor accept any amount equal to or greater than $75,000. (Doc. 7.) Both motions are fully briefed and ripe for the Court's review.

## II. ANALYSIS

Neither party wants to be in this Court: TQL seeks to remand this action to state court, while Defendants contend this action should be transferred to the Middle District of Florida for further proceedings, or, alternatively, stayed. Before addressing the merits of either motion, the Court must first determine which motion should be decided first. Because the Motion to Remand raises the threshold question of the Court's jurisdiction over this matter, the Court will exercise its discretion to address it first. *See Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, No. 1:21-cv-695, 2022 WL 2062694, at *3 (S.D. Ohio June 7, 2022) (hereinafter "*Summit II*") (addressing motion to remand before motion to transfer); *Nelson v. Swistock*, No. 06-36-KSF, 2006 WL 8446194, at *3 (E.D. Ky. Sept. 28, 2006) (same); *see also Carmicle v. BJI*

*Holdings, LLC*, No. 3:14-CV-00286-H, 2014 WL 2781158, at *1 (W.D. Ky. June 19, 2014) ("The Court has the discretion to determine which motion—to transfer or remand—that it should consider first.").

### A. Motion to Remand

Once an action is removed to federal court, the federal court has jurisdiction only if it would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A party seeking removal bears the burden of establishing the right to do so by a preponderance of the evidence. *Gipe v. Medtronic, Inc.*, 416 F. Supp. 3d 687, 691 (W.D. Ky. 2019). If jurisdiction upon removal is uncertain, a federal court must strictly construe the removal statutes and resolve all doubts in favor of remand given that removal raises significant federalism concerns. *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 676 (S.D. Ohio 2014); *see Summit II*, 2022 WL 2062694, at *2; *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Here, Defendants contend the Court has original jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331. TQL asserts both purported bases of jurisdiction are lacking. The Court will address each in turn.

### i. Diversity Jurisdiction

A federal court has original diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). Neither party disputes that there is complete diversity between TQL and Defendants. As such, the Court turns its attention to the amount in controversy.

Generally, the amount in controversy is determined as of the time the action is commenced based upon the amount claimed by a plaintiff in his or her complaint. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019); *Total Quality Logistics, LLC*

*v. AD Maxx, Inc.*, No. 1:16-cv-00595, 2016 WL 6070356, at *2 (S.D. Ohio Oct. 17, 2016).  A

plaintiff, being "the master of his or her own complaint," can therefore avoid removal by suing in

state court for less than the federal jurisdictional amount in controversy.  *Calvary Indus., Inc. v.*

*McLaren*, No. 1:21-cv-622, 2022 WL 2187239, at *3 (S.D. Ohio June 16, 2022).  Certain states,

however, prohibit a plaintiff including a specific claim of damages in a complaint.  As relevant

here, the Ohio Rules of Civil Procedure provide that "[i]f the party seeks more than twenty-five

thousand dollars, the party shall so state in the pleading but shall not specify in the demand for

judgment the amount of recovery sought."  Ohio Civ. R. 8(A).  Further, in Ohio, an allegation in

a plaintiff's complaint purporting to cap the alleged damages below the federal jurisdictional

amount is not enforceable under Ohio law; thus, in an Ohio court, a plaintiff can recover more in

damages than is alleged in their complaint.  *Summit II*, 2022 WL 2062694, at *3 (citing Ohio

Civ. R. 54(C)).  In light of this and similar state-imposed pleading restrictions, within the Sixth

Circuit "a plaintiff may stipulate post-removal to a claim less than the federal jurisdictional

amount where a plaintiff provides specific information about the amount in controversy *for the*

*first time*."  *Total Quality Logistics, LLC v. Reed Transp. Servs., Inc.*, No. 1:19-cv-182, 2019 WL

6723837, at *2 (S.D. Ohio Dec. 11, 2019) (quoting *Shupe v. Asplundh Tree Expert Co.*, 556 F.

App'x 476, 481 (6th Cir. 2014)) (cleaned up) (emphasis in original).  If a plaintiff does so, a

court considers the stipulation to be a clarification, rather than a post-removal reduction, in the

amount of recovery sought.  *Heyman*, 781 F. App'x at 469–70.  "[O]nly unequivocal

statement[s] and stipulation[s] limiting damages will serve this purpose."  *Reed*, 2019 WL

6723837, at *3 (quoting *Shupe*, 566 F. App'x at 481) (alteration in original).

      Applying the well-settled framework surrounding post-removal stipulations, the Court

finds that based upon TQL's Stipulation the amount in controversy requirement is not satisfied.

First, the Court disagrees with Defendants' contention that TQL specified its damages prior to filing the Stipulation, and thus the Stipulation is a reduction of damages rather than a clarification of damages. Defendants argue that TQL specifically calculated its damages because it assigned a value on a per-claim basis by alleging separately in Counts I, III, and IV that it has suffered monetary damages believed to exceed the jurisdictional amount of the court of common pleas. The Court is not persuaded. TQL's Complaint complied with the Ohio Rules of Civil Procedure by stating TQL seeks more than $25,000 in compensatory damages, as well as injunctive relief, punitive damages, attorneys' fees, costs, and any other relief the Court deems just and proper. (Doc. 1-1 at PageID 24–25.) The Complaint contains no specific information regarding the amount in controversy aside from what is permissible under the Ohio Rules of Civil Procedure. Given that TQL was not permitted to—and did not—specify the amount of recovery sought in its Complaint, the Stipulation was the first specific statement of TQL's alleged damages and is therefore properly considered a clarification, rather than a reduction, of the amount in controversy.[3]

Second, the Stipulation is sufficient to prevent federal jurisdiction from attaching. In the Stipulation, TQL asserts that "the amount in controversy in connection with TQL's claims in this case is less than seventy-five thousand dollars ($75,000), inclusive of compensatory damages, punitive damages, costs, attorneys' fees, pre- and post-judgment interest, the fair market value of any injunctive relief, and any other relief to which it is entitled or the Court awards." (Doc. 7 at PageID 103.) Further, TQL states that "it will neither seek nor accept any amount equal to or

---

[3] Defendants also argue that TQL's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 1-1 at PageID 31–50) demonstrates the Stipulation is a reduction in damages rather than a clarification because in the Motion, TQL argues why an injunction is "essential to protect TQL's legitimate business interests." As best as the Court can discern, Defendants appear to be arguing that TQL's stated reasons as to why immediate injunctive relief is required indicate that the amount in controversy necessarily exceeds $75,000. The Court finds this argument unavailing. The Motion contains no specific information regarding the amount in controversy, and it in no way clarifies the damages TQL seeks.

greater than seventy-five thousand dollars ($75,000), inclusive of compensatory damages, punitive damages, costs, attorneys' fees, pre- and post-judgment interest, the fair market value of any injunctive relief, and any other relief to which it is entitled or the Court awards, and that this Stipulation will be binding upon it." (*Id.*) The Court has previously found similar stipulations to be unequivocal and sufficient to warrant remand to state court. *See, e.g., Summit II*, 2022 WL 2062694, at *4 (remanding action based on stipulation that "the relief [plaintiff] seeks and will accept, is limited to judgment of the following in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief") (emphasis omitted); *Total Quality Logistics, LLC v. Johnson*, No. 1:12-cv-467, 2021 WL 3453399, at *3–4 (S.D. Ohio Aug. 6, 2021) (same); *Reed*, 2019 WL 6723837, at *3 (same); *see also Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, at *4–5 (W.D. Ky. Dec. 21, 2018) (finding stipulation that plaintiff will neither "seek nor accept" an amount exceeding $75,000 to constitute an unequivocal statement). Accordingly, the Court finds that the Stipulation is binding and unequivocally limits total recovery to less than the federal jurisdictional amount.

Defendants also argue that TQL's request for injunctive relief is sufficient to satisfy the amount in controversy requirement. It is generally true that when injunctive relief is sought, "the value of that relief also counts toward the jurisdictional limit and is measured by 'the object of the litigation.'" *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, No. 1:20-cv-519, 2020 WL 6075712, at *4 (S.D. Ohio Oct. 14, 2020) (quoting *Hunt Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)) (hereinafter "*Summit I*"). Yet, here, the Stipulation expressly states that the amount in controversy and the maximum amount TQL will accept includes "the fair market value of any injunctive relief." (Doc. 7 at PageID 103.) As such, the

requested injunctive relief is included as one aspect of the capped damages, and the combined value of the monetary and injunctive relief sought does not exceed the amount in controversy requirement. *See Summit I*, 2020 WL 6075712, at *5 ("By capping the *total* relief, such stipulations settle the matter and preclude jurisdiction.") (emphasis in original).

Before the Court turns to the issue of federal question jurisdiction, one final issue must be addressed. Defendants have provided estimates regarding the total value of the relief sought in the Complaint, and contend they have carried their burden of establishing that the amount in controversy exceeds the diversity jurisdiction threshold. The Court agrees with TQL that the Stipulation renders any such argument irrelevant. As the Court recently explained:

> When a defendant removes an action based on a good faith belief that the amount in controversy exceeds the jurisdictional threshold, a plaintiff has two options when seeking to remand back to state court: (1) respond to the removal by clearly stipulating in federal court that the plaintiff is not seeking, and will not accept, more than $75,000 in the action, binding the plaintiff on its potential recovery and depriving the federal court of subject matter jurisdiction; or (2) move to remand, disputing the allegations made in the defendant's removal papers.

*Johnson*, 2021 WL 3453399, at *2 (citing *Summit I*, 2020 WL 6075712, at *3). In this instance, TQL successfully pursued the first option, and thus the Court's inquiry regarding the amount in controversy is at an end. *See Summit II*, 2022 WL 2062694, at *4 ("So long as the language of the stipulation is sufficiently unequivocal and binding, that stipulation deprives the federal court of subject matter jurisdiction."). Defendants have provided no authority supporting the position that a defendant's efforts to quantify the amount in controversy can overcome an unequivocal and binding stipulation, and thus confer a federal court with subject matter jurisdiction. Thus, the Court finds that no diversity jurisdiction exists.[4]

---

[4] Defendants also request the Court order discovery on the issue of subject matter jurisdiction. Yet, given the Court's prior findings, such discovery is unnecessary, and Defendants' request is therefore denied.

ii.     **Federal Question Jurisdiction**

Alternatively, Defendants contend subject matter jurisdiction exists because this case presents a question of federal law.  In the absence of diversity jurisdiction, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In order to trigger federal question jurisdiction, it must be apparent from the face of the "well-pleaded complaint" that the cause of action arises under federal law.  *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).  As such, in determining whether federal question jurisdiction exists, "federal courts ignore any potential federal defenses that may arise in the course of the litigation."  *Id*. (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("Congress has long since decided that federal defenses do not provide a basis for removal.").  The well-pleaded complaint rule "makes the plaintiff the master of [its] claims, and [the plaintiff] may avoid federal jurisdiction by exclusive reliance on state law."  *Hudak v. Elmcroft of Sagamore Hills*, 566 F. Supp. 3d 771, 780 (S.D. Ohio 2021).

In the majority of cases, federal question jurisdiction is usually invoked when a plaintiff's complaint asserts a cause of action created by federal law.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Federal courts have, however, recognized exceptions to the well-pleaded complaint rule whereby federal jurisdiction will lie even though a plaintiff's complaint contains only state-law causes of action.  Defendants argue that one such exception—the "substantial-federal-question doctrine"—applies in this instance.[5]  Specifically,

_____

[5] There are two other potential exceptions: the artful-pleading doctrine and the complete-preemption doctrine.  *See Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).  Defendants do not claim that the artful-pleading doctrine applies.  Defendants do argue the complete-preemption doctrine applies because the Settlement Agreement is irreconcilable with the Sherman Act, an argument that is largely duplicative of their contention that

Defendants contend Traffic Tech's primary defense to Count III is that the Settlement Agreement's "no-hire provision wherein Traffic Tech is purportedly restricted, indefinitely, from hiring TQL employees that are subject to post-employment non-competition restrictions . . . is illegal and unenforceable under the Federal Sherman Act." (Doc. 1 at PageID 8.)

Under the substantial-federal-question doctrine, "a state law cause of action may actually arise under federal law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007). In determining whether a state-law claim is sufficient to invoke this doctrine, the question is whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

Contrary to Defendants' repeated protestations, the Court finds that no federal question jurisdiction exists here. The Complaint only contains state-law claims; no causes of action pursuant to federal law are asserted. And the Sherman Act would only be raised as potential defenses to TQL's breach of contract claim against Traffic Tech. Although oftentimes phrased as an "exception" to the well-pleaded complaint rule, the substantial-federal-question doctrine is not a true exception in all respects. While the doctrine dispenses with the requirement that a plaintiff's complaint assert a cause of action created by federal law, it "does not jettison the requirement that no matter how substantial the federal question, it must still appear in the elements of the plaintiff's claim." *Enos v. Wenta*, No. 19-CV-13797, 2020 WL 5985568, at *3 (E.D. Mich. Mar. 24, 2020), *report and recommendation adopted*, 2020 WL 4364064 (E.D.

---

the substantial-federal-question doctrine applies. This Court, however, declines to address this issue as it was raised for the first time in Defendants' reply. *Books A Million, Inc. v. H & N Enter., Inc.*, 140 F. Supp. 2d 846, 859 (S.D. Ohio 2001) ("It is well settled, however, that a party may not raise an issue for the first time in a reply brief.").

Mich. July 30, 2020); *see also Childs v. Kroger Co.*, No. 2:20-cv-4216, 2020 WL 6073767, at *4 n.3 (S.D. Ohio Oct. 15, 2020) (citations omitted) ("Within the confines of the well-pleaded complaint rule, there are two paths to federal court under Section 1331: (1) federal claims, i.e., cases where federal law creates the cause of action; and (2) state causes of action that implicate 'significant federal issues.'").

The Supreme Court's opinion in *Grable* makes this clear. In *Grable*, the Court indicated that "Grable has premised its [state-law] superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law. Whether Grable was given notice within the meaning of the federal statute is thus *an essential element of its quiet title claim*, and the meaning of the federal statute is actually in dispute." 545 U.S. at 315 (emphasis added). Thus, even under the substantial-federal-question doctrine, a potential federal defense to a state law claim is insufficient to bestow federal question jurisdiction. *See, e.g., Northfield Park Assocs., LLC v. Mancino*, No. 5:16CV2854, 2017 WL 495392, at *1–2 (N.D. Ohio Feb. 7, 2017) ("Defendants' arguments that its potential counterclaims or defenses may implicate the Interstate Horseracing Act cannot serve as a basis for jurisdiction in federal court . . . Instead, the court must reference the well-pleaded complaint to determine whether it poses a substantial question of federal law."); *Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 759 (E.D. Ky. 2014) (Thapar, J.) ("Since federal preemption is a defense, it forms no part of [plaintiffs'] causes of action and thus does not satisfy the well-pleaded complaint rule. For this reason the defendants' claims of preemption cannot provide the substantial federal question needed for removal."). As the Complaint contains only state-law claims and the Sherman Act would only be raised as potential federal defenses, the Court finds that the substantial-federal-question doctrine is inapplicable.[6] Accordingly, no

---

[6] In opposing remand, Defendants also aver that Burdick intends to defend against Counts I and II on the basis that TQL should be barred from enforcing the Agreement against Burdick because TQL wrongfully withheld overtime

federal question jurisdiction exists.

As neither diversity jurisdiction nor federal question jurisdictions exists, the Court lacks subject matter jurisdiction over this action, and remand is warranted.[7]

### B.  Motion to Transfer Venue

Pursuant to the first-to-file rule, Defendants seek to have this matter transferred to the Middle District of Florida, or, alternatively, have this matter stayed.  Defendants also contend transfer is warranted pursuant to 28 U.S.C. § 1404(a).  As the Court has already determined that this action should be remanded for lack of subject matter jurisdiction, the Court need not consider Defendants' Motion to Transfer.

### III.    CONCLUSION

For the foregoing reasons, TQL's Motion to Remand (Doc. 6) is **GRANTED** and this action is **REMANDED** to the Court of Common Pleas for Clermont County, Ohio.  Because the Court lacks subject matter jurisdiction over this action, Defendants' Motion to Transfer Venue (Doc. 8) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

pay under the Fair Labor Standards Act.  This argument was not included in Defendants' Notice of Removal and is therefore considered waived.  *Hahn v. Rauch*, 602 F. Supp. 2d 895, 909 (N.D. Ohio 2008) ("These bases were raised for the first time in Defendants' opposition to the motion to remand.  A defendant cannot argue a new substantive ground as a basis for removal in opposing remand.").  Even if considered, however, this argument lacks merit for the reasons explained *supra*: potential federal defenses are ignored when determining whether subject matter jurisdiction exists.

[7] In a final attempt to avoid remand, Defendants draw the Court's attention to an exceedingly similar case involving TQL, a former TQL employee, and Traffic Tech that was removed from state court and is currently pending in this District, *Total Quality Logistics, LLC v. Traffic Tech, Inc., et al.*, Case No. 1:21-cv-714.  In that case, TQL did not file a stipulation and seek to have the case remanded, but instead agreed the amount in controversy requirement was satisfied.  Given TQL's contrary actions in two similar cases, Defendants claim TQL is engaged in "judicial shopping" and the Motion to Remand should be denied.  While the Court will not speculate as to TQL's motives, the fact of the matter remains that TQL's Stipulation in this action caps its total recovery to less than $75,000, and thus the amount in controversy requirement has not been satisfied in this case.